A reading of the Section discloses that under the law it is simply a question of contract and it appears to be a conceded fact that the Village of Rocky River is authorized to contract with the authorities of Stark County Workhouse for the commitment of its prisoners under the above section, and the same section is supplemented by G. C. 12384-1.

Therefore it is our judgment that there is ample authority in the statute for the sentence imposed by the court.

There is another phase of the question which precludes the granting of any injunctive relief as prayed for in the petition, and that is, it is conceded by the record that upon a conviction before the Magistrate the appelent, Pliske, by error proceedings commenced in the Court of Appeals of the Eighth District, submitted her case to this Court and upon a hearing had, judgment was rendered, affirming the decision of the magistrate and remanding the cause to the Common Pleas Court where previously it had been heard on error by that Court.

From the judgment of the Court of Appeals, the plaintiff herein did not appeal or pursue error proceedings to the Supreme Court of the State of Ohio, and therefore the judgment of the Court of Appeals became final, and it became the duty of the Common Pleas Court and the Magistrate Court, to carry the judgment of the Court of Appeals into execution, and undoubtedly the same would have been done were it not for the injunction proceedings in the case at bar.

Thus it will be seen that there is no basis in law for the injunctive relief prayed for, in the Court of Common Pleas and in the Court of Appeals. The adequate remedy at law, the existence of which is violative of the injunctive process, existed because of the Statue providing for the proceedings to vacate or reverse the judgment of the Court of Appeals in the Supreme Court of the State.

Holding to these views, the relief sought for is denied.

Vickery and Levine J. J., concur.

PRENDERGAST v. GINSBURG, et.

Ohio Supreme Court.

No. 21078.  Decided Dec. 5, 1928

ALLEN, J.

**TRIAL.**

(590 V2d). Judgment should not be rendered on special findings of fact as against the general verdict unless such special findings, when considered together, are inconsistent and irreconcilable with the general verdict.

(590 Jf). When the trial court enters judgment for the plaintiff upon verdict of a jury, and later upon motion for judgment notwithstanding the verdict, grants such motion and enters judgment for the defendants in considering whether the facts specially found are irreconcilable with the general verdict, the reviewing court should not inquire into the evidence adduced at the trial.

**ERROR PROCEEDINGS.**

(260A) When error is prosecuted in the Court of Appeals, and when one of the errors assigned is that the court erred in granting the motion filed by defendants below for judgment notwithstanding the verdict, and an additional error assigned is that the judgment is contrary to the law and to the evidence, and the Court of Appeals, upon consideration of all the assigned errors, enters a general judgment of affirmance, it will be assured that the Court of Appeals in arriving at its decision considered the evidence presented in the record upon the question whether the judgment below was contrary to the law and to the evidence, and not in connection with the answers to the interrogatories.

Kindkade, Robinson, Jones and Matthias. JJ., concur. Day J., not participating.

CLEVE. RY. CO. v. HUNTINGTON.
Ohio Supreme Court.

No. 21007.  Decided Dec. 5, 1928.

KINKADE, J.

**RAILROADS.**

(500 D2b). The fact alone that a motorman of a street car is charged by his employer with the duty of asking for names and addresses of persons on the street and near the car when there is an accident which affects the car or its passengers, and reporting the same to the company, does not impose upon the street car company a liability to respond in damages for a personal assault committed by the motorman on any such person, in connection with the performance of that duty, when the person assaulted has no contractual relation with the street car company.

Marshall, C. J., Day, Robinson, Jones and Matthias, JJ., concur. Allen, J., concurs in the judgment.

FRANKE v. BLAIR REALTY CO.
Ohio Supreme Court.

No. 21088.  Decided Dec. 12, 1928.

JONES, J.

**REAL ESTATE.**

(510 B 2e) On February 18, 1926, the owner of real estate listed his property with a broker and agreed in writing to pay the broker for finding a purchaser a certain commission if the property were sold within the period of five days. At the expiration period owner orally promised to extend indefinitely the time of performance. In reliance upon

such oral promise the broker continued its efforts to find a purchaser. Meanwhile, the owner, in disregard of his oral promise, proceeded on his own behalf and, by employing another broker at a reduced commission, consummated a sale by exchange of properties with a purchaser with whom the first broker was also negotiating: Held:

The time for performance was of the essence of the written contract. The subsequent oral agreement was a new contract and, by substituting a new time for performance, varied an essential term of the written contract and was invalid and unenforceable by reason of the provisions of the Statute of Frauds relating to the payment of real estate commissions. (Section 8621, General Code).

During the existence of the extended time for performance and while the transaction remained unexecuted, such oral promise being invalid, either party could decline to carry out its terms either in the finding of a purchaser or for the payment of a commission.

Since the owner did not complete his contract with the broker and accept the latter's services in negotiating a sale, but secured another broker who consummated it, the owner is not estopped from asserting the invalidity of his oral promise.

Marshall, C. J., Day, Allen, Kinkade, Robinson and Matthias, JJ., concur.

---

**SAFFORD, Supt. of Ins. v. MET. LIFE INS. CO.**
Ohio Supreme Court.
No. 21398.          Decided Dec. 12, 1928.

MATTHIAS, J.
**CONSTITUTIONAL LAW.**
(140S). A statute which creates a new obligation in respect to transactions or considerations already past is violative of Article II, Section 28 of the state constiution, which forbids the enactment of retroactive laws by the general assembly.
**TAXES.**
(560F2) To so interpret and apply Section 5433, General Code, as amended May 11, 1927 (112 O. L., 429), increasing the tax upon business done by foreign insurance companies in this state from 2½ to 3%, as to exact such additional tax for the privilege of doing business in 1926, would render such provision retroactive in effect.

Marshall, C. J., Day, Allen, Kinkade, Robinson and Jones, JJ., concur.

---

**DET. CINCI. COACH LINE v. P. U. C.**
Ohio Supreme Court.
No. 21067.          Decided Dec. 12, 1928.

MARSHALL, J.
**AUTOMOBILES.**
.(50P2b). Where a common carrier by motor vehicle operating over state highways in interstate commerce habitually violates reasonable and lawful rules and regulations of the public utilities commission of the state, carries passengers in intrastate service without a certificate authorizing the same and violates the laws of the state regulating the speed of motor vehicles on the state highways, all such violations being committed in such manner and to such extent as would

justify a revocation of the certificate of an operator, the certificate theretofore granted to such operator by the public utilities commission to operate as a common carrier in interstate commerce may be revoked.

Day, Allen, Kinkade, Jones and Matthias, JJ., concur.